Just the appellant, if you wouldn't mind, then you can introduce yourself when you come up to our council. Good morning, your honors. I'm Brian Schroeder. I'm here on behalf of the plaintiff appellant, also present in the gallery. Our two of the three lawyers who represent the and wishes he could attend, but will enjoy listening to the tape. We are here for you to answer four certified questions, the first of which concerns the definition of the term decision and the merits under the class action statute. Let me ask you an initial question regarding the four. Did the Supreme Court in its direction to this court to accept and say anything with whether we can decide whether at least one, maybe two, maybe three questions involve questions of fact that preclude an answer to be given by this court? I don't believe so, your honor. We can still do that. Well, the supervisory order the Supreme Court entered directed this court to answer the questions. And that's all it said. It didn't specify how or it didn't say you could answer some or couldn't answer others. And to the extent that we've in the past in other cases have accepted certified questions and then upon further review or more detailed review determined that the certified questions accepted by this court have embedded factual questions, we in turn have declined to answer those questions. And we could do the same here. I would actually differ with that, your honor, because the Supreme Court said answer them. And saying you can't answer them or declining to answer them is not answering. Did the Supreme Court make a ruling that all these questions involve solely issues of law and none involve embedded questions of fact and therefore are all subject to being answered by this court under the Supreme Court rule? I would say yes. You don't have the motion itself. Well, no, the motion itself was served on this court. No, it was not because it was directed against Judge Palmer. That may not be in the supporting record. But the Supreme Court, I can represent you, had all the information that you have in terms of the supporting record and the arguments that were made. The Supreme Court saw fit to issue the order it did. If the Supreme Court thought that there were embedded questions of fact that you couldn't answer, I submit to you the Supreme Court would not have told this court to answer the questions. All right. How's that? Please continue. The first question, again, talks about the definition of decision on the merits. The definition we propose is that a decision on the merits is a decision as to the respective rights and liabilities of the parties based upon the ultimate facts or the stated facts disclosed by the pleadings or evidence or both. Boil that down for us. What does that exactly mean? It's short of a judgment on the merits, but it's more than it's- Roszelowski says it certainly is a judgment on the merits, but Roszelowski also says the exact word used in Roszelowski is different than a final judgment. It doesn't have to be final. No, it does not. And that's what Roszelowski went out of its way to say. No, but what about the ultimate facts? Is that part of the equation? Pardon me, Your Honor? Ultimate facts. Is that part of the equation? Is that part of the definition? It is part of the definition we are asking this court to accept, but under the definition we're asking you to accept, it's ultimate facts or stated facts disclosed by the pleadings or evidence or both. Ultimate facts, in our judgment, would be a trial, like there was in Roszelowski. Then there are ultimate facts. The jury hears the facts, makes its determinations of whatever is at issue. So they're not part of the decision on the merits? It would be if there were ultimate facts. Are there ultimate facts in this case, then, because there are a number of affidavits in which cab drivers have indicated that they were issued these fly-by citations. And then there's the testimony of the member of the Chicago Police Department who indicated that it is not our policy to issue fly-by tickets except where the individual is attempting to elude or evade citation. Now, is that factual? It is, and if you want to classify it as an ultimate fact or a stated fact disclosed by the evidence. So how does it get there? Has that already occurred? It has, because the city... Well, wait a minute. How has that occurred when there hasn't been any determination by on each individual affidavit, 220 or so, who's ever determined which of those factual scenarios is accurate? As to each specific cab driver, that hasn't happened yet. Okay, so what I'm asking you, is that something we can disregard? This isn't part of the decision on the merits? That's what I'm asking. I think you can disregard that, because what we have here is Gazi Michel, on behalf of himself and others similarly situated, saying the city does this. They issue tickets and mail them to us. They don't come up to my taxi cab... Yeah, and the city denies that. No, the city... Well, the city generically denies it, but in the submissions it's filed below, on page 108 and 109 of the supporting record, and in Lieutenant McMahon's testimony, which is at pages 42 and 54 of the supplemental supporting record, the city says we do do this, just on limited occasions when someone flees or we can't do it. So they do what? They don't... What she said was, we issue tickets where they're sent directly to the cab company when someone flees. Isn't that what she said? Is that what McMahon's testimony, in essence, is? Yes. All right, so how are they admitting to the flyby, when the flyby is about issuing a ticket, not because someone tried to evade, but because the officer just decided to mail it? There's a big gap between what Judge Siebel determined was illegal and what the city is saying was the operative policy. Respectfully, Your Honor, I would disagree with that, because the statute, the relative, relevant portions of the municipal code and the Chicago ordinances say you must first serve by hand delivery to the driver or affixing the notice of violation to the windshield of the vehicle. The city has admitted it doesn't do that. What Judge Siebel said was wrong is the city's mailing it out as a matter of course, or from their perspective, if you flee. The statutes don't say you can do it if someone flees. So what happens then? What happens then in that scenario? There is no other method for citation. Are you saying that, in fact, once an individual flees, there is no provision in the ordinance, the controlling ordinance, that allows for this mailing of the notice and, therefore, any time it's mailed out, it's unsupported by any authority provided in the ordinance? Yes, that's what I'm saying, and that's what Judge Siebel said. And you're saying that was wrong in part of what he said? No, I'm not saying it's wrong. I'm saying that constitutes a decision on the merits. Right, but that could have been revisited by Judge Palmer had he chosen to. Certainly, because it was final and there was no way to appeal it. Right, that's true of all of the orders that were rendered, as a matter of fact. And, in fact, not only could Judge Palmer have revisited it, Judge Siebel could have revisited it. And if Judge Siebel had revisited it, why is this an issue before us at all? I mean, if he could have changed his mind, why isn't this revealed by the succeeding judge? Because what the statute says, what Section 2-802 says, is a class or certification order can be amended any time before a decision on the merits. Perhaps. Whether it's in a lot, and as Rozalowski said, and as I'm conceding, that does not need to be a final order. Right or wrong, Judge Siebel, what he did was a decision on the merits. Maybe I've misunderstood what Judge Siebel concluded, but I thought Judge Siebel ruled that there's only two ways to issue a citation. Either putting it on the actual vehicle, right? Yes. Or, what's the other method? Handing a notice to the taxi cab driver. Okay, now, I thought that's really all he said. Now, did he also say that it's illegal under this other scenario? Or was that not, had McMahon not provided testimony? He said it was illegal under that other scenario. All right, so I misunderstood. He actually said that regardless of how the city's doing it, if they're doing it in a fleeing case, that is illegal.  All right, okay. That's what he said. Decision on the merits. Yes. All right. I think there's some merit to that decision on the merits when he's already concluded that if the person has fled the police, it's still illegal for them to issue a citation to their cab company or whatever. Right, and that's our position. Now, let me ask you a question about that. Because it seems to me, although you take the position that really decertification is not an issue here, it's really a question of whether or not these are decisions on the merits which would have prohibited decertification. The class action statute links the two, decertification and a decision on the merits. Whatever that decision on the merits might mean. We know what decertification means, okay? What's the policy behind that? The policy behind linking the two? Yeah. Well, the general policy. Why do we want to prohibit decertification at some point in a class action proceeding? Because at some point the case has to go on and be litigated to a final judgment with the certainty that there will be a class at issue. Okay. How, in this particular case, were any rights of the class impaired by the decertification? I can understand how the city's liability might have been impaired by Judge Siebel's order, because it ostensibly could be argued that it deprived the city of some kind of a defense based on the flight of the cab driver, the impossibility of serving, okay, when the cab driver speeds away. And Siebel said, that isn't what the statute says. You've got two choices. I don't know what you, Siebel didn't answer the question about what happens if the cab driver flees. Okay, that's fine. So the city, in effect, had been deprived of an argument that they had made that they ought to be able to mail as an alternative remedy. They ought to be able to mail the ticket when the cab driver takes off and flees. Right? That was one of their arguments. It was. But when we get to the ultimate, and so you could say it was a decision on the merits with respect to the city, because the city was deprived of an opportunity to put a little gloss on the statute. Siebel took it away from them, okay? But what, in effect, happened when they decertified the class with respect to the rights of the individual plaintiffs? In the abstract, they are all free to pursue their individual claims. Right. But, in reality, they're not going to be able to do that, because, as we pointed out, and $30 is a violation. It's de minimis. No, these class plaintiffs are not going to pursue individual claims for $30 tickets. That's the practical reality. That's why we have class action statutes. So how does it affect their rights? It effectively takes away their rights to maintain an action. Did Judge Siebel discuss at all if the city wanted that ability to give notice by mail? It should have gone to the city council to have the ordinance changed to allow an affidavit to be filed to confirm that this is a fleeing incident and, therefore, we can't personally serve or we can't attach it to the vehicle, and, therefore, we're mailing it. Not in those words, but what his order did say is that he declined the city's invitation to rewrite the statute, and, therefore, they did. And so he did in that sense. Can you distinguish the situation where a cab driver maybe is observed violating whatever, I forget what it is, but is about to receive a violation. He takes off because he sees a passenger down, a potential passenger down the street, being totally oblivious as to what the intent of this other person with a ticket book in her hands is about to do, and is not fleeing at all, is simply going to pick up a passenger. I mean, is that a fleeing situation? In my opinion, no. But in my opinion, and not just my opinion, I think that's also irrelevant under the statute and the municipal code as written, which is all Judge Seibel did is say, this is what's written in the statutes. The city wants me to amend that and graft an exception that isn't there. I'm not doing that. That is a decision on the merits, and whether it can be revisited later is a different issue because that's what we're here for is what is a decision on the merits under the class action statute. Of the four questions that are pending before us, and of course, I want you to give us some guidance from your perspective as to how we should answer them, but they're so interrelated that answering one pretty much leads to a certain path to answering the others. Which questions do you find the one we should give most attention to? Well, the first one is obviously the most important. What is the definition of decision of the merits under that statute? From there, the rest necessarily follows. It's a matter of taking that definition and applying it to the other three certified questions. The certified questions, though, that were still alive because of motions and summary judgments granted by Judge Seibel or won by Judge Palmer with respect to the statute of limitations, had the city tendered or asked the city or asked the judge to revisit those summary judgment orders before he decertified? I mean, he vacated them all. He wouldn't be here, would he? I still would be here, Your Honor. Why? What would be your argument? The same argument I'm making now is that once there's – You mean he couldn't vacate this decision on the merits? He sure could. But once there's a decision on the merits under Rosolowski, the ability to enter a decertification order ends. Even though the judge has the right to vacate his earlier orders? Yes. How could that earlier order be a decision on the merits when the court vacates it or has the authority to vacate it? How could it ever be called a decision on the merits? The vacate order should not be nunc pro tempore to the initial decision granting the relief. For example, if two years from now, Judge Siebel were to say – or in your situation, if Judge Palmer were to say, I think what Judge Siebel did was wrong in vacating his order – Because I look at the arguments that are being made with respect to commonality, and I've decided that the original certification was improvidently granted. So now what I'm going to do is I'm going to vacate all of those earlier summary judgment orders. He's still got jurisdiction over the whole case. Do you agree that he can vacate summary judgments? Yes, I do. That have not been appealed under a 304 partial summary judgment, and he would lack jurisdiction then. Nobody did that in this case. So those partial summary judgments on the issues that were still, well, in effect, permanent for the purposes of the case at the time that he entered his order to decertify, he could have – Let me ask you this. Can you – can a partial summary judgment be vacated sub silencio because it's really in conflict with the order that's ultimately entered by the judge? Yes. I believe orders entered – if order A entered today is inconsistent with an order B entered a week from now, yes, they can be – So in effect, summary judgment – partial summary judgment orders in the course of a litigation can be, in effect, vacated sub silencio. You got a case for that? They can be vacated or overruled, but again, the initial order, unless you want to say the initial order was void, it still has meaning. And under our interpretation of 2-802 – No, I do understand your position, and I think it's – you know, since there aren't any cases out there disagreeing with you, then I know. I would also submit that that's an exception that would swallow the rule on class decertification. If you were to say the way to get around this – That's why I asked you, what is it about a decision on the merits and decertification, how you couple the two of them together? Don't you have to look at, well, the reason we prohibit decertification once the decision on the merits is made is that it will eviscerate a right or a liability that the party thought they had and that was inviolable. Now, that might have been true, say, if there were a decision on the merits in another case that this judge couldn't reach in his decertification order, okay? But if the case is all of a piece before the judge, including the earlier summary judgment, what's the policy other than, as you said, you do in effect deprive the class of the leverage that comes with a class certification? There's no question about that. There's no question about that. But the individual members of the class really aren't deprived of any right. They can still sue. Well, again, in the abstract, yes. In practical terms, you're under – One policy linking those two concepts may be what you pointed out originally, that in class actions, oftentimes the damage is sought by each individual class member is de minimis. And to the extent that you need a class to go forward and right a wrong or correct a situation that shouldn't stand, you have to have a class certification. And it's not unlike stating a cause of action sufficient to withstand a motion to dismiss. And therefore, once that's done, you proceed to the end of the case. And you can't go back and decide, oh, well, you know, in fact, everything was insufficient to begin with. You're singing my song, Your Honor. At some point, you've got to start looking forward. Right. And I would – And that's what the statute says. There is a temporal issue in class actions, isn't there? It's pretty clear that they, you know, if you're going to decertify, you ought to do it at the earliest possible moment, just as you want to certify at the earliest possible moment. Very true. One thing I would add also is that – Once you come to the conclusion that it's proper under the allegations set forth in the complaint. Granted, you don't walk in a week after filing a complaint and not get class certification. And that's not the practice. It's not the practice. And that didn't occur here. No, it did not. Judge Siebel entered a decertification order in July of 02. I'm sorry, a certification order in July of 02. The motion to decertify was filed about six years later. Well, we're talking about from the initiation of the suit. True. What I want to add is the decertification order itself was appealable under Rule 306. The city never did that. And they can't do an end run around that by asking a judge to vacate an order that at the time was based on a judge's good faith assessment of the case. The statute doesn't prohibit them from seeking decertification at any time that they feel that the evidentiary materials that have been developed in discovery warrant it. Right? I mean, then it becomes a question for the trial judge to determine whether or not it's come too late or whether it is in fact a legitimate decertification issue because of the discovery materials that have been produced. I'm not saying that the city was dilatory in waiting to file its motion. What I'm saying is the limit that Section 2-802 places on the city's ability to seek decertification is you can't do it once there's been a decision on the merits. And as I've set forth in the brief, there's three or four decisions on the merits in this case. All right, we're going to give you a few minutes to respond. Thank you. All right, thank you. Good morning. May it please the Court. Your name? I'm sorry. Suzanne Lose. I represent the city of Chicago. What about that question that the city had an opportunity to challenge the certification of the class by filing an appeal under Rule 306 and chose not to? We could not file an appeal under 306 because that was not effective until January for actions filed after January of 2003. That opportunity was foreclosed. Now, I guess I'll start out with what we were talking about, what you were asking questions about near the end about the policy behind, in the interplay between requiring a decision on the merits and a certification action. So I think that's very important. It's clear. We should start at question number one and answer that one first, and then thereafter, based on our answer to question number one. The questions two, three, and four come a little easier. Well, I think that's correct, except that we really kind of agree on the baseline verbiage for question number one. But the application is a little harder. Absolutely. How much wiggle room do we have, do you think? I know you kind of, in your brief, I wouldn't call it an admission, but you expressed some sympathy for the race judicata analog, that a decision that's race judicata is probably a decision on the merits. Right. Okay. But you're arguing that it's not race judicata here and couldn't possibly be because they're all interim orders. Right. Okay. What if we took the position that decision on the merits, this is a softball for you, in the context of the class action statute, is something that has to be decided within the context of the class action policy of the state? So that somebody would say, really what decision on the merits means in the class action context is, have the parties, are you taking away from the party, are you prejudicing the party in any way by decertifying? That would be, I think that would be an approach. Prejudicing them from rulings that they originally received. For example, they had the protection under, he entered the order and the same day that he decertified, he entered an order that said the five-year statute of limitations applies, right? Right. So he expanded the class that potentially would have been confined to people of only one year. Well, right, he rejected our one-year statute of limitations. Right. But Judge Siebel never said one year. No, he never, Judge Palmer was the one who ruled on the statute of limitations. But he went from ten to five. Wasn't the argument that it was a ten-year? Well, they had identified a class back to 1992, and thereafter the class was 95. So that certain parties benefited from that statute of limitations ruling, and certain parties were injured by it. Right. Now you decertify the parties who were, the parties who thought they had a right under the class action, now no longer have that right. They're back to being individuals again. Well, our decertification motion was on a going-forward basis. It decertified the class for the issues to be tried going forward. And it's pretty clear under the certification statute that you can do that, right, because Section 2802B says that you can decertify, excuse me, as to particular issues in a case and not others. Right. And so all of the issues in this case that were appropriate for class action litigation had been decided. And so going forward, and then the statute of limitations question in terms of prejudice, this did not impact that one way or another. Let me have to write an opinion. If we agree with you, what should we say decision on the merits means in the context of a class action? And before you get there, let me ask you another question, because it's related to Justice Cahill's policy question that was put forth to counsel for the appellant. And the question I asked you at the start of my inquiry regarding Rule 306, and you correctly, and I take it at face value, correctly point out that it really didn't apply in this case. However, the very passage of Rule 306, doesn't that say something about how the class certification statute should be interpreted? Because now, now Rule 306 allows for an appeal of that very certification decision immediately so that you can resolve it. If it says, if that is what Rule 306 does, why shouldn't we say that the certification that occurred in this case was a certification, it was based on a decision on the merits and therefore cannot be decertified? I'm sorry, the certification decision was a decision on the merits? Well, the decision on the merits led to the certification. The decision on the merits led? Well, a decision on the merits was made to preclude the decertification. The policies behind allowing appealability under 306 are consistent with the statute's requirement that certification be decided as soon as it's practicable. There's certainly a policy to resolve this early on. And at some point, that decertification cannot occur. Right, but we know that it's not locked in from the moment that it happens. There is flexibility to amend precisely because things change during litigation. Motions are ruled on and discovery happens and evidence comes to light that changes the balance of the factors. But doesn't that change, isn't that connected with decision on the merits? I mean, we can't really separate them. Right? If there's a decision on the merits, it doesn't matter that things have changed. They're combined. We don't get to separate and say, well, there was a decision on the merits, but since things have changed, it can be decertified. We can't do that. Well, I have two responses to that, and one is that's correct. Decision on the merits is what the statute says is the cutoff line for when you can decertify, although we would submit, as we do in Subsection C of our brief, that even then, a decision on the merits wouldn't rule out decertification as to issues for which the decision on the merits does not reach. I think I understand that, but the question I was going to ask a moment ago has to do with a statement you make at page 15 of your brief, and this has to do with the ruling, the summary judgment on the statute of limitations, but I think it would also apply to Judge Siebel's ruling where he really deprived you of an affirmative defense under his strict interpretation of what the statute said. So it would apply to both of those certified questions. And you say, and while the grant of partial summary judgment, based on the statute of limitations, but I think you could also add the other Siebel ruling to that, eliminated some claims. The first eliminated a claim of defense that you might have had. The second one eliminated certain people from the class. Although it eliminated some claims, it was not a decision on the merits. Now, wait a while. You don't cite to a case for that, and I understand why. You don't have one. But how can it be both a decision on the merits for some claims and not a decision on the merits for other claims? And if it's only a decision on the merits for some claims, isn't that enough to block decertification? I would say it is not. And what case would you direct us to? I would direct your attention to Curtis and Piagentini, two cases that we cite in our brief. Okay. Because in my view, what the plaintiffs ask, they essentially ask this court to conclude that any decision at summary judgment, basically, whether it's partial, legal, whether or not it resolves the factual questions, is a decision on the merits. It can't be attacked later with decertification. Right. Yeah. Well, but they cite no cases in the res judicata. I know. Jurisprudence or otherwise deeming a summary judgment ruling. Well, it could be that one of the reasons that the Supreme Court certified this question in the first place is that there aren't any cases out there, and they couldn't find any either, so they dumped it in our lap. Well, I think I found a couple that at least shed a little bit of light on the issue. All right. Those two cases, a plaintiff still signed a case that deems a summary judgment ruling that passes on only part of a theory of relief without deciding whether a defendant is liable to a plaintiff is a decision on the merits. And we cite a couple showing that those kinds of decisions aren't. That's Curtis and Chiagentini, because in those cases, there was a decision that ruled out certain allegations of negligence, but not the entire theory of relief. So how does ruling out certain allegations benefit the plaintiff to the extent that he stands in a better position than he did otherwise? In this case, certainly the plaintiffs stand in a better position after Judge Siebel issued his ruling than they did before. But in the case you've just discussed, I don't see any benefit to the plaintiffs. I don't know about the benefit to the plaintiffs, but it's not a decision. Well, I guess it's a benefit to the plaintiffs because it's not res judicata, and in those cases, they can refile. So the inadequacy of pleadings, you believe, was a judgment on the merits? I'm sorry. Go ahead. Could we do this? Could we look at it in terms of earlier decisions on the merits that the trial judge who has decertification power could not reach? I'm trying to think of a hypothetical where that would be the case. Well, a classic res judicata case where the parties were identical, and in the previous decision, some decision was made with respect to the respective rights of the parties, never appealed, went to final judgment, and now there's a certification question coming up involving the same parties in subsequent litigation. That would be a true decision on the merits, wouldn't it, because the trial judge who's decertifying could not reach in any way to modify that other order. Could we write an opinion that would confine 52802 to that? And would that be a wise policy decision to so limit it? To limit it to decisions that... ...that the decertification judge couldn't possibly reach by revisiting. We've all agreed that Judge Palmer could have revisited every decision that was made in this case up until that time. But let's suppose that there were a decision that was made that he couldn't revisit. A final decision? Well, it'd have to be final, wouldn't it? Right, right. It'd have to be final. And yet we have those cases that say, and Rozalowski's not the only one that's said it, that the decision on the merits doesn't necessarily have to be final. Right. And so I would like to address that, if the finality is not the test, because my opposing counsel accuses us of conflating the two, and I want to be clear that... No, I don't think you've conflated the two, but I think both you and I and he are having trouble with getting around that. Right. Me too. Me too. What Rozalowski said was that basically you don't have to have a decision on the merits and a final decision on the merits. And we don't dispute that. We think there are neither here. Now, oftentimes they will be the same, which is where I think the confusion comes in. Oftentimes a decision on the merits will also be a final judgment. I hate to interrupt you, but let me ask you this question. What more could Judge Siebel have ruled upon to make it a decision on the merits? I would be happy to answer that. Judge Siebel could have, although we think it would have been inappropriate on the record for him, decided that a taxi driver had received a flying ticket, such that the city is liable to a plaintiff if they have a decision on the merits. He'd have to go to an individual assertion as opposed to a class assertion? He could have. I don't think he could have decided it's across the board as a class. Let me ask you this question. When he said that the issuance of a ticket where the person is either not there, flees, can't be served, he said that even if that person is fleeing, that the procedure is illegal. He did not. That's what Mr. Schroeder has said this morning. Do you agree with that or not? He did not expressly address the fleeing situation. He did not. Well, what did he say? However, we argued that, and he said that the personal service or service on the taxi cab was required under the statute. So didn't he essentially decide that for every violation where the person flees, the city cannot serve in the method of? He decided that legal question, but that is not the same thing as finding that the city is liable, and here's why. Okay. There was evidence. Hasn't he already ruled out the defense? He's already? He had. So hasn't he really decided that for every cab driver there's been an illegality? Absolutely not, because there is not evidence that any of, I'm sorry, I misspoke. There is evidence for sure. There is no finding or determination that any taxi driver received a flying ticket. There was a lot introduced at the summary stage. What about the affidavits? The affidavits were evidence, which is why I backtracked just now. That was evidence which we hotly contested. How did you contest them? We explained to the judge that they were self-serving affidavits. We had to pose a large number. Did you contest them factually? We posed a large number. Then we contested their credibility of those affidavits. Did you contest the assertions made in the affidavits? Yes, we did. By a challenge other than credibility? We challenged it by credibility and through Officer McMahon's testimony. Most importantly, though. But you relied extensively on your affirmative defense of impossibility, as Justice Cahill characterized the fleeing situation. We did. And that's been rejected. That has been rejected. So how is that not a decision that really the cab drivers have prevailed? Because while they submit their affidavits were sufficient, we said they were not. Most importantly, the judge did not reach the issue but left those matters for trial. The judge agreed that there were fact questions to determining which tickets, how many tickets, whether any tickets were flying tickets in this case. There is some evidence of it. It may be even likely that there were some, although we're worlds apart on how many. By your affirmative defense, by asserting your affirmative defense, aren't you, in fact, conceding that flybys occur? Flybys? Okay, this is really easy to put in context. There is admission that flyby tickets occur in certain circumstances. But the class here are taxi drivers. There is no admission that we issue a flyby ticket to any of the taxi drivers in the class. Would you have issued flybys to anyone other than taxi drivers, and you're just claiming that these particular, yes? Or that these particular cab drivers? What you've suggested, if I may, what you've really suggested is transforming a decision on the merits to a final judgment because you're asking for that little bit more that would transform this into a final judgment when the statute and everyone seems to agree that this is less than a final judgment. I think here's the difference between final judgment and decision on the merits in the context of that ruling. If there were a finding of liability, and truly this were just a question of calculating damages, that finding of liability would be a decision on the merits. But it wouldn't be final yet because we need to figure out how much is at issue in each ticket before it would terminate the litigation. This is not a fair characterization of the judge's ruling. It was not a decision that determined the liability of the city to any, to either the named plaintiff, Mr. Michal, or any of the class members. Do you do flyby tickets to anyone other than taxi drivers? Yes, we did. Maybe we should just go right then to when you have a statute of limitations that Judge Palmer has said that now we're throwing all of these other ones out. Tell us why that's not a final decision. Well, it's not a decision on the merits because... It has determined that those are non-meritorious because they're beyond the time frame within which the city can pursue that ticket. This goes to another difference between decision on the merits and finality. Of course, there are some final decisions that aren't actually decisions on the merits, like a dismissal for lack of jurisdiction, for example. And I think that the statute of limitations... There would be nothing left to decide on that one. Well, that would be a final decision. There would be nothing left to decide on those claims. Well, that is a decision on the merits. The statute of limitations, why not? Can you just tell me what's left on that one? Because, well, I can tell you the way the Supreme Court has figured this out and Downing has explained it. I mean, there's two parts to what is a decision on the merits, besides the rights and liabilities of the parties and on the ultimate facts. This is within the context of these tickets that were already issued. I don't know if Downing sheds that light on this particular factual scenario that we have. I think what Downing says is a summary judgment on statute of limitations questions doesn't go to the merits of the underlying action. Puts it in the category of a dismissal for lack of jurisdiction and so forth. And that has never been overruled, and I think it's a straightforward ruling,  I know you've probably been over this certified question to the point where you can probably recite it in your sleep. But I want to ask you a question about whether there's a clue to unlocking and unpacking this with respect to question one says nothing about subsequent judge, prior judge, anything like that. Okay, it's just a ball question. What is a decision on the merits? But then it goes to four other questions. Why do we need those four other questions if we can answer one? Well, I think that's interesting since we both. Does the fact that there were two judges involved make a difference? Because in two of the remaining three questions, it was a subsequent judge who changed the ruling. Okay, question two, a prior judge's ruling. Question three, a prior judge's ruling. Okay, and then finally, we get no prior judge, but Judge Palmer ruling on the question of the statute of limitations. And they separate. Now, is that just a quirk of the draftsman? I assume that some lawyer drafted this question. Wasn't me. I know. I know it wasn't. And then the Supreme Court read it and signed off on it. Okay? Right. But if we answered the first question, okay, why would we even, why does it make, would it make any difference that there were two judges involved in the case on two of the questions? I don't think that it makes a difference. Well, what are the other questions, what are they doing there? I don't understand. Well, I, of course, we opposed the certification of the questions to this court, but. Did you point out the problems to the Supreme Court and the Supreme Court nonetheless? We raised our best, we made our best arguments, Your Honor. Yeah. Now, I don't understand plaintiffs to argue that the difference between the two judges makes a difference. It's the same judge. I mean, could we answer, could we, is decision on the merits going to change depending on those situations? I mean, we could say a decision on the merits in general is this, and we quote from the best Supreme Court case we can find. Right. Then we go to number two and say, but in the case of two judges deciding this issue, it means something else. Can we just, can we not violate the Supreme Court's directive by simply answering question one and remanding as to question three, four, and five, or two, three, and four? The Supreme Court ordered this court to accept the questions. Right, and answer. Accept, answer, or accept? I thought it was just accept. Accept, right. And not necessarily answer because we've accepted questions and decided we can't answer those questions in the past. No, it says accept and answer. All right. And it's been my experience, Justice Garcia, that when we get one of these, we follow it. I don't question that. I don't question that at all. And in any event, I would like to clarify how I read the questions is, I mean, I think the first asks for a general definition, and the rest are applications of that definition. And I think the latter three are obviously the more crucial questions to the case at hand. You're going to have to wrap up, but I would ask you to really point us to what you believe is really the crux of the case or the critical question that we should ponder or we should consider extensively before we answer these questions. I think I would say that would be the purpose of including this decision on the merits requirement in the certification, which I think Rosalasky shed some light on, you know, is to How much light does it really shed? There was a jury verdict for the class in that particular case for how many millions of dollars? I think that, I don't know, several. Lots. And then the judge vacated it. After everything was over. And it was too late to really for that to It wasn't too late for the trial judge to make a judgment notwithstanding the verdict. There's always that. That's correct. But what the point of the statute is is to encourage these decisions to be made before they can't impact the litigation to come in the practical way that class certification is supposed to. And if that's the policy here, we're looking forward. As I said, this is decertification moving forward and everything that is left is an individual issue. Would you agree that the cases that are cited by the plaintiffs where they use this language, the judgment, when it amounts to a decision to the respective rights and liabilities of the parties based on the ultimate facts or state of facts disclosed by the pleadings or evidence or both, would you agree that here we've never really gotten to those ultimate facts? I do agree. That would give a decision on the merits to the class? What would be an example of one? Of an ultimate fact? Right. Isn't it whether or not they got a ticket, don't they have to prove that they actually received that citation and then doesn't the city have the right to show that that citation was either given in the circumstances that you talked about, that it was a blight? Isn't that an ultimate fact that would determine whether let's just talk about that first named plaintiff. Let's just use that one. Right. Representing the class, in this case that determination, your position is that that has never been decided, that that plaintiff representing this group has ever been granted a decision on the merits because it has never been shown that he would get whatever amount of money it would be based on the offense, if we would call it that, that occurred when he was given a citation away from his vehicle. It has not been proven, decided, that he received a flying ticket, that he paid it, and did not successfully challenge it instead in DOH. So those are the needs. So you agree with the answer to question number one given by the plaintiffs? I think we can agree on the same verbiage based on the legal term of art used in race judicata. And if that weren't sufficient, then we need to look at shaping that language based on the policies that underlie requiring decision on the merits in the class certification statute. All right. Well, thank you very much. Thank you. Very briefly, Mr. Schroeder. Page 386 of the supporting record is the Supreme Court's supervisory motion that directs this Court to both accept and answer the questions. I think we've gotten that far. Pardon me? It's been cleared up. Justice Cable, clear that. Ultimate facts versus, under my formulation, it's ultimate facts or state of facts disclosed by the pleadings or evidence or both. So pleadings don't decide anything. They frame the issues. So I'm submitting to you that it doesn't need to be proven that each and every individual plaintiff did or did not receive a ticket or did or did not pay a ticket. That's not what we need to do. And as Justice McBride suggested and as I've asserted in my papers, that's making the definition be a final judgment, which Rozalowski says is not the test. But what have you done to show the second part of that prong? Our pleadings allege, and page 25 of the supporting record is a flying ticket that or a ticket that Ghazi Mishal himself received that we allege in his pleading and in his affidavits was a fly-by ticket. He did get something. It's in the record. And Judge Siebel said, and the city's admitted, you just heard it, and it's in their pleadings as I've quoted before, they do issue these things. So it's not a question of do they do it or not. They do. And Judge Siebel said that's wrong. What we have to now figure out is who did they do it to. You know, what did they know, when did they know, that kind of thing. But wait. You know, as far as the ultimate facts, there's the other half of this equation, state of facts disclosed by the pleadings or evidence or both, and on which the right of recovery depends. Yes. How has the right of recovery been shown for your named plaintiff, your representative? Our right of recovery depends on a determination that fly-by tickets are illegal, and that's exactly what Judge Siebel said. But has that been shown on this record? It's been shown that the right of recovery has been determined for your representative. Yes. Judge Siebel's decision is fly-by tickets are illegal. It's in the nature of a declaratory judgment. He was asked to declare what the statute said and meant. And he did. He did more than that. But he didn't decide the rights or liabilities of any individuals or any members of the class. He just said. He didn't do that. Huh? He didn't do that. No, I know he didn't. But he did. It was in the form of a declaratory judgment. Okay. That's supposed to guide the parties in the future with respect to their various rights and liabilities, but not decide them. You still have the issue of whether or not members of the class or the class as a whole can show that they are entitled to relief under his interpretation of the statute. So. He did more. It was a deck action. A deck action would have simply to say the only way to serve under this statute is by putting it on the car or handing it to the driver. He did more than that. He said the city has admitted it doesn't do that and cities. Well, now wait a minute now. I don't think he said that. Did he ever say the city's liable on this claim? Yes. I think if you read his order, what he says is I'm deferring a determination as to damages because there's questions of fact as to that, meaning there's a question of fact as to how many people it happened to and how many times did it happen. How does that translate into liability when he hasn't determined damages? Because he said what you've done, you've admitted you've done it. It's wrong. They admitted that they sent mail notices to people who allegedly fled the scene and were unable to be served. They've admitted that. And he said that's not good. That's not good enough. But in terms of the individual members of the class or all the class as a whole, he didn't make any determinations as to whether they could prove. No, he did not. But, again, he doesn't need to because our position is now you're making the test be a final judgment. No, no, I understand. And I would also add none of this discussion addresses the fact that Judge Siebel essentially entered judgment in our favor on the city's affirmative defenses, which I think even the city would concede or has implicitly conceded is a decision on the merits, and it's a final one at that. Okay. All right. Thank you very much. Thank you. The case will be taken under advisement. Thank you both.